KIMBALL, C.J.,
dissents,
hi respectfully dissent from the majority opinion in this matter, as I find that the one year period in La. R.S. 9:5605 is prescriptive, and not peremptive. The majority’s holding, in finding that the one year period is peremptive, obviates the need for, and renders meaningless, the three year peremptive period. Furthermore, the statute provides that “no action for damages .... shall be brought .... unless filed .... within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered.” This language in La. R.S. 9:5605(A) is virtually identical to that which is contained within the relevant portion of the Medical Malpractice Act statute, La. R.S. 9:5628(A),[1] which this court found prescrip *927 tive in nature in Borel 2v. Young, 07-0419 (La.11/27/07), 989 So.2d 42, on rehearing, In my view, the majority’s decision in the instant matter and Borel cannot logically co exist
While La. R.S. 9:5605(B) does state that both the one and three year periods in La. R.S. 9:5605 are peremptive, we must remember that it is our role to interpret and apply the statutes enacted by the Legislature. This court has held that:
[sjtatutory interpretation and the construction to be given to legislative acts is a matter of law and rests with the judicial branch of government. It has long been established that ‘[i]t is emphatically the province and the duty of the judicial department to say what the law is.’
Bourgeois v. A.P. Green Industries, Inc., et al., 00-1528, p. 10 (La.4/3/01), 783 So.2d 1251, 1260 (internal citations omitted).[2] This court has also held that, in determining whether a time period in a statute is prescriptive or peremptive, it is the legislative purpose sought to be achieved by a particular limitation period which has is the most significant factors, and “although the presence or absence of certain words may be beneficial to a court in its inquiry into the legislature’s intent, the use or nonuse of certain words, while relevant, should not be the determinative factor in the analysis.” State Through Div. Of Admin. v. McInnis Bros. Const., 97-0742, p. 7 (La.10/21/97), 701 So.2d 937, 942 (holding that while the legislature identified the applicable statute providing a five year statute of limitations as one of “prescription, this court found the statute peremp-tive).
„ Fl“ally’ m my °Pinion’ the decision reached by the majority in this instance circumvents the reason we originally granted this writ, which was to determine whether Louisiana Code of Civil Procedure Article 1158, which allows an amended petition to relate back to the time of filing of the original petition, applies to the one-[year3 period set forth in the legal malpractice statute, La. R.S. 9:5605. As a result, I respectfully dissent from the majority’s decision in this matter.

. La. R.S. 9:5628 provides, in pertinent part:
A. No action for damages for injury or death against any physician, chiropractor, nurse, licensed midwife practitioner, dentist, psychologist, optometrist, hospital or nursing home duly licensed under the laws of this state, or community blood center or tissue bank as defined in R.S. 40:1299.41(A), whether based upon tort, or breach of contract, or otherwise, arising out *927 of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.

. See also Mallard Bay Drilling, Inc. v. Kennedy, 04-1089, p. 14, (La.6/29/05), 914 So.2d 533, 544 (holding that ''[t]he interpretation of the law belongs to the judiciary, and not the Legislature.”)